**VERNAL STEVENS, Appellant**
**v.**
**ANDREW ROGERS ELECTRIC, Appellee**

D.C. Civ. App. No. 93-140

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 21, 1994

JACQUELINE A. DREW, ESQ., St. Thomas, U.S.V.I. *for Appellant*

RHYS HODGE, ESQ., St. Thomas, V.I. *for Appellee*

MOORE, *Chief Judge*, District Court of the Virgin Islands; FINCH, *Judge*, District Court of the Virgin Islands; and ANDREWS, *Judge*, Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

On Appeal from the Territorial Court of the Virgin Islands

### JUDGMENT OF THE COURT

 This matter is before the Court on appeal from the Territorial Court of the Virgin Islands, having been submitted on the

parties' briefs without oral argument.[1] After due consideration, we find that the trial judge acted appropriately in finding appellant liable in this small claims case.[2]

IT IS on this 21st day of November, 1994, hereby ORDERED AND ADJUDGED that the judgment of the Territorial Court is AFFIRMED, and it is further

---

[1] Appellant states that the first issue is "whether or not sufficient evidence was produced at trial to show [sic] that debt was within the jurisdictional limits of the small claims court." This issue was not argued, however, and because the record clearly indicates that appellee waived his right to recover any amount beyond the jurisdictional limit of the Small Claims Division, this unfounded contention is disregarded.

Appellant presents an additional argument in the first section of his brief. He suggests, through nothing more than a reference to the rule and the transcript, that the trial judge's failure to attempt conciliation as required by the Territorial Court Rule 64 mandates reversal of the judgment. Although the trial judge failed to attempt conciliation, the trial judge's failure to attempt to reconcile the parties before trial does not rise above the level of harmless error, since nothing in the record suggests that the parties were open to settlement prior to trial. Fed. R. Civ. P. 61 (stating that only errors that are inconsistent with substantial justice are harmful). Appellant has failed to demonstrate otherwise, and we reject this issue.

Appellant also challenges the sufficiency of appellee's Complaint. He states that it fails to allege the facts necessary to uphold the judgment. Territorial Court Rule 62 (for the Smalls Claims Division) and Fed. R. Civ. P. 8 require that the pleading set forward a claim for relief, including a short and plain statement of the claim and a demand for judgment. The form Complaint states "plaintiff claims that the defendant is indebted to him in the amount of $5,000. for services rendered. Plaintiff waive[] the excess in order to file in Small Claims. Several demands for payment notwithstanding." Appellant requests "judgment in the amount fo [sic] $5,000.00 plus $40.00 court costs." See Brief and Appendix for Appellant, Complaint. Appellant fails to show how this Complaint fails to fulfill Rule 8. We find that this challenge is also without merit.

Another allegation presented by appellant questioned whether the trial judge failed to make specific findings of fact as required by Fed. R. Civ. P. 52. The allegation is totally unsupported the record. See Brief and Appendix for Appellant, Transcript of June 30, 1993 Hearing at 15-18.

[2] Counsel for appellant should be aware that Fed. R. Civ. P. 11(b) applies to appeals in the Appellate Division of this Court. All counsel should be aware that sanctions, monetary and otherwise, can be imposed upon appellate litigants, as well as upon their counsel. The confused and unorganized presentation in appellant's brief and appendix, in addition to counsel's failure to submit a separate appendix or paginate the pages in her appendix, and the submission of groundless issues which are not supported by coherent argument or caselaw, are examples of conduct which are grounds for imposing sanctions against appellate counsel.

ORDERED that reimbursement for appellee's reasonable attorneys fees and costs will be imposed against appellant upon submission by appellee of appropriate documentation.[3]

---

[3] Reimbursement is especially called for here, where appellee waived his right to collect the excess of appellant's outstanding debt in exchange for a speedy and inexpensive resolution in the Small Claims Division without cost of retaining counsel. After the trial judge found for appellee for the full amount of the debt and awarded the jurisdictional limit, appellee was nevertheless subjected to further delay and expense due to this frivolous appeal. Accordingly, assessing the costs of this appeal, including attorneys fees, is appropriate.